
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 31 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>CONROY ROBINSON,<br><br>Defendant. | 18-CR-00446<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**Jack B. Weinstein, Senior United States District Judge:**

| Parties | Appearances |
|---|---|
| For United States | United States Attorney's Office<br>Eastern District of New York<br>271 Cadman Plaza East<br>Brooklyn, NY 11201<br>718-254-6183 |
| For Defendant | Mildred M. Whalen<br>Federal Defenders of New York, Inc.<br>One Pierrepont Plaza, 16th Floor<br>Brooklyn, NY 11201<br>718-330-1240 |

# Table of Contents

I. Introduction ...........................................................................................................1

II. Instant Offense......................................................................................................1

III. Guilty Plea ............................................................................................................2

IV. Sentencing Hearing...............................................................................................2

V. Guidelines Range and Statutory Minimum ..........................................................2

    A. Guideline Calculation ....................................................................................2

    B. Statutory Minimum........................................................................................3

VI. Law .......................................................................................................................3

VII. 18 U.S.C. § 3553(a) Considerations .....................................................................3

VIII. Sentence................................................................................................................5

IX. Conclusion.............................................................................................................6

## I. Introduction

Conroy Robinson ("Robinson" or "Defendant") pled guilty to two crimes: importing 500 grams or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii), and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II). Presentence Investigation Report ¶ 1 ("PSR").

Defendant is a 49-year-old resident of Jamaica. He is the sole financial provider for his wife and two children but had been unable to work for about six months prior to his arrest. PSR ¶¶ 34, 46. He acted as a first-time drug courier in a larger scheme to smuggle cocaine from Jamaica into the United States. He has no criminal record. *Id.* ¶ 26.

## II. Instant Offense

On August 1, 2018, Defendant arrived at John F. Kennedy International Airport ("JFK") in Queens, New York on a flight from Jamaica. *Id.* ¶ 4. The United States Customs and Border Protection ("CPB") officers at JFK selected Robinson for an enforcement examination. *Id.* CBP

1

did not find anything of note in his luggage. *Id.* After being presented with an x-ray consent form which he read and signed, Defendant admitted that he had swallowed "pellets." *Id.* ¶ 5.

He was transported to the medical facility at JFK, where an x-ray revealed foreign objects in his abdomen. *Id.* Defendant then passed 64 pellets of cocaine, with a total gross weight of approximately 1,160 grams of cocaine. *Id.* ¶ 6.

Robinson was arrested and held at the medical facility for three days. *Id.* ¶ 8. He was then transferred to the Metropolitan Detention Center in Brooklyn. *Id.* ¶ 36. He has admitted his guilt, *id.* ¶ 11, and has provided the government with all information about his involvement in the offense, *id.* ¶ 15. His remorse for his criminal acts is apparent.

## III. Guilty Plea

On November 8, 2018, Defendant pled guilty to the charges contained in the indictment: importing 500 grams or more of cocaine into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii), and possession of 500 grams or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II). *Id.* ¶ 1.

## IV. Sentencing Hearing

The sentencing hearing was conducted on December 19, 2018. *See* Sent. Hr'g Tr., Dec. 19, 2018.

## V. Guidelines Range and Statutory Minimum

### A. Guideline Calculation

Defendant's base offense level is 24. PSR ¶ 14. He received the following deductions: (1) a decrease of two levels because he satisfied the five mitigating factors of Sentencing Guideline 5C1.2(a)(5), *id.* ¶ 15; (2) a decrease of four levels as a "minimum participant" in the overall criminal scheme, *id.* ¶ 17; and (3) a decrease of three levels for acceptance of responsibility and the timely notification of a guilty plea, *id.* ¶¶ 21–22. The total adjusted

offense level is 15. *Id.* ¶ 23. Defendant has no criminal history. Therefore, his criminal history category is I. *Id.* ¶ 26. The imprisonment range under the Guidelines is 18 to 24 months. *Id.* ¶ 52.

### B. Statutory Minimum

Each count has a minimum five-year imprisonment term. *Id.* ¶ 51. Since Defendant met all the criteria set forth in 18 U.S.C. §§ 3553(f)(1)–(5), the court may impose a sentence without regard to the statutory minimum.

## VI. Law

The Guidelines are advisory, not mandatory. *United States v. Booker*, 543 U.S. 220, 245–46 (2005). "A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). District court judges are free to impose sentences outside the range of the guidelines after determining that the justification for doing so is compelling. *Id.* The district court must "consider all of the § 3553(a) factors to determine whether they support the sentence requested . . . ." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court shall "make an individualized assessment based on the facts presented" and subsequently thoroughly explain its decision. *Id.* at 50; *see also* 18 U.S.C. § 3553(c).

## VII. 18 U.S.C. § 3553(a) Considerations

Robinson, 49, was born in Saint Elizabeth, Jamaica. PSR ¶ 31. His father is a retired sugar cane employee and his mother cared for the elderly and children. *Id.* Defendant's mother died in 2017. *Id.* Defendant's father is in poor health. *Id.* Prior to the arrest, Robinson cared for his father; he does not know how his father has been treated in his absence. *Id.*

Although Defendant was raised in a lower-income household, he had a happy childhood and was well provided for by his parents. *Id.* ¶ 33. Robinson's family was close. *Id.* Its members attended church together. *Id.* After the family's home was destroyed by Hurricane Gilbert, Defendant and one of his sisters built a house on the land they owned. *Id.* Robinson has four living siblings residing in Jamaica, the United Kingdom, and Orlando, Florida. *Id.* ¶ 32.

In the late 1990s, Robinson's sister, Perry, was killed at the age of 23 by her daughter's father. *Id.* Robinson developed an alcohol abuse problem in the immediate aftermath of the murder, though he has since ceased consuming alcohol excessively. *Id.* ¶ 42. Robinson and his wife raised Perry's daughter. *Id.* ¶ 32. In addition to his niece, Robinson and his wife have brought up two sons now aged 22 and 16. *Id.* ¶ 34. Defendant's eldest son hopes to be a police officer but has been held back by health issues. *Id.* His youngest son is attending school. *Id.* Defendant's wife is a full-time parent of the children; she suffers from high blood pressure. *Id.* The closeness and support of Defendant's extensive family should help ensure full rehabilitation.

Robinson is a skilled house-builder. He has had his own construction business for several years. *Id.* ¶¶ 46–47. He is the sole financial provider for his family. *Id.* ¶ 34. For the six months preceding his arrest, Defendant was unable to work because his truck was broken. *Id.* ¶ 46. Because he was unable to work, and especially since his arrest, Robinson's family has been struggling financially. *Id.* ¶ 34. Defendant was unable to pay his water and light bills, for his wife's medication, or for his son's school fees. Sent'g Mem. 2, ECF No. 17, Dec. 14, 2018. Since Robinson's arrest, his sister has threatened to evict his wife and children from their home. PSR ¶ 35. His wife has had to borrow money. *Id.* ¶ 34. But the family has continued to be unable to pay its bills. Sent'g Mem. 3, ECF No. 17, Dec. 14, 2018. Electricity and water have been shut off in their home. *Id.*

Defendant has no criminal history and believed that committing the instant offense was the only way to support his family. *Id.* at 2. When he tried to back out of the deal, the drug suppliers threatened family members. *Id.* Robinson's brother and two of his friends have promised him construction work upon his return to Jamaica. *Id.*

Defendant has been in custody for four months. He will be promptly removed from the United States, and permanently barred from returning. *Id.* at 3.

## VIII. Sentence

Robinson put himself at great risk by swallowing more than five dozen pellets of cocaine, an act that was motivated by financial hardship and pride. He has no prior history of criminal activity, confessed to his crimes immediately, and has expressed remorse for his actions. He is a skilled worker, had his own business, and has work waiting for him upon his return to Jamaica. Since Robinson, his family's sole provider, has been in custody in the United States, the family has been living without electricity and relying on the wages of Robinson's 22-year-old son. Permanent deportation will prevent Robinson from committing any crimes in the United States. Further incarceration, at great cost to tax payers, will not provide any further deterrence.

Robinson is sentenced to time served (approximately five months) for each count of the indictment concurrent. He has been in custody since August 1, 2018 and will remain incarcerated until he is removed from the United States.

No fine was imposed. Robinson is unable to pay one. A $200 special assessment is imposed. An order of forfeiture was entered. Preliminary Order of Forfeiture, ECF No. 22, Dec. 19, 2018.

## IX. Conclusion

Respectful consideration was given to the Guidelines to ensure that the sentence is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: January 22, 2019
Brooklyn, New York